# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **MICHAEL FRED HOUSTON,** § § § | |
| **Plaintiff,** § § | CIVIL ACTION NO.  6:22-CV-00293-JCB-JDL |
| v. § § | |
| **DIRECTOR, TDCJ,** § § § | |
| **Defendant.** § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Petitioner Michael Fred Houston, an inmate confined in the Texas prison system, proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2019 Gregg County conviction. The petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. (Doc. No. 3.)

Upon review, for the reasons stated herein, the court recommends that the petition be denied, and the case dismissed with prejudice. The court further recommends that Petitioner Houston be denied a certificate of appealability *sua sponte*.

## BACKGROUND

### I. Procedural History

On or around July 27, 2017, Houston was indicted in Gregg County, Texas for the felony offense of aggravated robbery with a deadly weapon. (Doc. No. 23-11, at 4.)  Houston pleaded not guilty to the offense and proceeded to a trial on the merits and punishment. *Id.* at 103. On April

1

18, 2019, Houston was found guilty of the offense by a jury in cause number 46857-B, out of the 124th Judicial District Court of Gregg County, Texas, and was sentenced to life in prison. *Id.*

Through counsel, Houston appealed the conviction to the Sixth Court of Appeals. *Id.* at 100. On January 10, 2020, the Court of Appeals issued a memorandum opinion affirming his conviction. (Doc. No. 23-3.) Houston then filed a petition for discretionary review with the Texas Court of Criminal Appeals. (Doc. No. 23-8). On March 11, 2020, the Court of Criminal Appeals refused discretionary review. (Doc. No. 23-9.) Houston then filed a writ of certiorari with the U.S. Supreme Court, which was denied on October 13, 2020. *Houston v. Texas*, 141 S. Ct. 562 (2020).

On May 13, 2021, Houston filed a state habeas application challenging his conviction. (Doc. No. 23-32, at 94.) On September 22, 2021, the Texas Court of Criminal Appeals denied Houston's habeas application. (Doc. No. 23-26.) Petitioner filed this federal habeas petition on July 22, 2022. (Doc. No. 1, at 10); *see Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (holding that for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system).

## II. Houston's Petition

In his petition, Houston raises five claims for relief:

(1) Ineffective assistance of trial counsel for failure to investigate existing post-arrest leads that could have exculpated Houston;
(2) Ineffective assistance of trial counsel for failure to object to the constructive amendment of the indictment;
(3) Ineffective assistance of trial counsel for failure to object to the trial court's erroneous jury instruction on reasonable doubt; and
(4) Ineffective assistance of appellate counsel for failure to raise the above-noted ineffective assistance of trial counsel claims.

(Doc. No. 1, at 11–14.)

Houston requests that his conviction be reversed. *Id.* at 7. Houston also asks the court to stay this case while he challenges the two Louisiana convictions that were used to enhance the Texas aggravated robbery conviction. *Id.* at 14.

### III. The State of Texas's Answer

After being ordered to do so, the State of Texas filed an answer addressing Houston's petition. (Doc. No. 18.) The State of Texas maintains that Houston's petition is barred by the statute of limitations. *Id.*

## LEGAL STANDARD

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *see also Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review errors under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Pub. L. 104-132, 110 Stat. 1214. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

      (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201–02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007) (citing 28 U.S.C. § 2254(e)(1)).

## DISCUSSION

### I. Timeliness Under the AEDPA

Title I of the AEDPA applies to all federal petitions for habeas corpus filed on or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 322, 326 (1997). Because Houston filed his petition after April 24, 1996, the AEDPA applies to his petition. Notably, Title I imposes a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). An inmate must file a section 2254 petition within one year of the latest of:

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

> United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Although the AEDPA provides four possible dates on which the limitation period may begin to run, the date on which the judgment became final is the only one relevant here. Generally, a case is final "when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994); *see also Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003). But the time-period for filing a habeas petition is tolled if a state habeas application, post-conviction motion, or other application for collateral review is pending. 28 U.S.C. § 2244(d)(2).

Here, Houston was sentenced on April 18, 2019. (Doc. No. 23-11, at 103.) Houston appealed the conviction to the Sixth Court of Appeals, which affirmed his conviction on January 10, 2020. *Id.* at 100; (Doc. No. 23-3.) Houston then filed a petition for discretionary review with the Texas Court of Criminal Appeals, which refused discretionary review on March 11, 2020. (Doc. No. 23-8); (Doc. No. 23-9.). Houston then filed a writ of certiorari with the U.S. Supreme Court, which was denied on October 13, 2020. *Houston v. Texas*, 141 S. Ct. 562 (2020). Therefore, Houston's conviction became final after the Supreme Court denied certiorari on October 13, 2020,

and the period to file a habeas petition expired a year later, October 13, 2021. *See Caspari*, 510 U.S. at 390; 28 U.S.C. § 2244(d)(1)(A).

However, § 2244(d)(2) also states that the limitations period is tolled while a state habeas application is pending. Houston filed a state habeas application challenging his conviction on May 13, 2021, and the Texas Court of Criminal Appeals denied the habeas application on September 22, 2021. (Doc. No. 23-32, at 94); (Doc. No. 23-26.) The state writ was thus pending for 132 days. And after adding 132 days to the original filing deadline of October 13, 2021, the new filing deadline becomes February 22, 2022.

Petitioner Houston filed this federal habeas petition on July 22, 2022, which is 150 days after the new February 22 filing deadline. (Doc. No. 1, at 10); *see Spotville*, 149 F.3d at 378 (holding that for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system). As a result, his petition is untimely and barred by the statute of limitations, absent any equitable tolling.

## II. Equitable Tolling

Under the AEDPA, the one-year statute of limitations period may be equitably tolled only if the petitioner demonstrates that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). An extraordinary circumstance may exist when the plaintiff is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2006) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (overturned on other grounds)). The Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where

the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S 250, 257 (2016) (emphasis in original).

Here, Houston argues that he was unable to prepare his § 2254 application between October 27, 2021, and April 21, 2022. (Doc. 1, at 9.) But he does not explain what extraordinary circumstances existed during this period that prevented him from preparing and filing his petition. *See id.* As such, Houston has failed to show that equitable tolling is warranted. *See Holland*, 560 U.S. at 649. Accordingly, Houston is not entitled to equitable tolling and his habeas petition should be dismissed as time barred.

### III.     Houston's Request for a Stay

In addition to his substantive claims for relief, Houston asks the court to stay this case while he challenges the two Louisiana convictions that were used to enhance the Texas aggravated robbery conviction, which he claims would invalidate his current life sentence. (Doc. No. 1, at 13–14).) However, Houston has not alleged that any appeals or collateral attacks on the Louisiana convictions are pending. Regardless, as discussed above, his current federal claim is time-barred and a resolution of the Louisiana convictions in Houston's favor would not change that fact. Accordingly, his request for a stay is **DENIED** as moot.

### IV.     Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability (COA) from a circuit justice or judge. *Id.* Although Houston has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate

of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 580 U.S. at 773 (quoting *Miller-El*, 537 U.S. at 336). And when a district court denies relief on procedural grounds, "the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012)).

Here, Houston failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He has also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Petitioner's federal habeas petition be **DENIED** as time barred and that the case be **DISMISSED** with prejudice. It is also **RECOMMENDED** that Petitioner be denied a certificate of appealability *sua sponte*. Accordingly, Petitioner's motion for a stay (Doc. No. 1) is **DENIED** as moot.

Within fourteen (14) days after service of the Magistrate Judge's Report, any party must serve and file specific written objections to the findings and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 8th day of November, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE