UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00293

**Michael Fred Houston,**
*Petitioner,*

v.

**Director, TDCJ-CID,**
*Respondent.*

# O R D E R

Petitioner Michael Ford Houston, proceeding pro se and *in forma pauperis*, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was referred to United States Magistrate Judge John D. Love, who issued a report (Doc. 24) recommending that the petition be dismissed with prejudice as time barred and a certificate of appealability be denied.

Petitioner filed objections to the report. Doc. 26. The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

In his objections, petitioner asserts for the first time that *Martinez v. Ryan*, 566 U.S. 1, 17 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013)[1] excuse his untimeliness and that the court can consider his ineffective of assistance of counsel claims. The decisions in *Martinez* and *Trevino*, however, addressed exceptions to the procedural default rule of ineffective trial counsel claims and do not apply to the statute of limitations or equitable tolling. *See Clark v. Director, TDCJ-CID*, 2018 WL 11466544, at *2 (E.D. Tex. Jan. 30, 2018)

---

[1] The Supreme Court extended *Martinez* to Texas in *Trevino*. Although Texas does not preclude appellants from raising ineffective assistance of trial counsel claims on direct appeal, the Court held that the rule in *Martinez* applies because "the Texas procedural system—as a matter of its structure, design, and operation—does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal." *Trevino*, 569 U.S. at 428.

(citing *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014)), *adopted by* 2018 WL 11466545 (E.D. Tex. May 4, 2018).

"*Martinez* does not apply to section 2244(d)'s one-year limitations period." *Shank v. Vannoy*, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (order denying certificate of appealability) (citing *Lombardo v. United States*, 860 F.3d 547, 557–58 (7th Cir. 2017). As such, *Martinez* plays no part in determining whether the limitations period should be equitably tolled. *See, e.g.*, *Dickerson v. Davis*, 2018 WL 2431846, at *3 (N.D. Tex. May 30, 2018) ("Nor can petitioner rely on the *Martinez* line of cases to excuse his untimeliness. This line of cases addresses equitable exceptions to a procedural default. The bar to review at issue in this case arises from petitioner's failure to meet the *federal* limitations deadline under the AEDPA. Thus, the *Martinez* line of cases does not apply to the AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling." (citation omitted)).

For these reasons, the court overrules petitioner's objections and accepts the report and recommendations of the magistrate judge. The petition is dismissed with prejudice. A certificate of appealability is denied sua sponte. Any outstanding motions are denied as moot.

*So ordered by the court on January 3, 2024.*

J. CAMPBELL BARKER
United States District Judge